IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**BARTLETT ELLIOTT,**

      **Plaintiff,**

**vs.**                                                       **No. CIV 04-0145 DJS/ACT**

**UNITES STATES DEPARTMENT
OF AGRICULTURE, and STATE
OF NEW MEXICO, HUMAN
SERVICES DEPARTMENT,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Federal Defendant's Motion to Dismiss and Memorandum in Support **[Doc. No. 16]**, filed October 25, 2005, and fully briefed November 30, 2005. Federal Defendant requests the Court dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure12(b)(1), for lack of subject matter jurisdiction. Federal Defendant contends there is no waiver of sovereign immunity for any damages claim against the United States Department of Agriculture. Additionally, Federal Defendant contends Plaintiff lacks standing to raise a generalized claim regarding the alleged improper administration of the food stamp program. On November 28, 2005, Plaintiff, appearing *pro se*, filed a letter **[Doc. No. 18]** in response to Federal Defendant's motion to dismiss.

In his Complaint, Plaintiff alleges the New Mexico Human Services Department has denied him and his wife food stamps because the department determined they were over the

financial guidelines by $17.00.[1]  Compl. ¶1.  Second, Plaintiff alleges "[t]he United States Department of Agriculture is illegally paying out to multi thousands of illegals, here in these United States of America, food stamps, that they are fraudulently obtaining, because they are living in the United States, illegally."  Compl. ¶ 2.

Although the Court construes Plaintiff's *pro se* pleadings liberally and apply a less stringent standard than the Court would to pleadings filed by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court "will not supply additional factual allegations to round out [his] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir.1997) (citation omitted).  Additionally, although Defendants State of New Mexico and New Mexico Human Services Department have not yet filed a motion to dismiss, the Court may *sua sponte* determine if it has "jurisdiction to entertain and decided a case on its merits," *Thompson v. United States*, 291 F.2d 67, 68 (10th Cir. 1961), and must dismiss a suit at any stage of the proceedings if it becomes apparent that jurisdiction is lacking. *See Bradbury v. Dennis*, 310 F.2d 73, 74 (10th Cir. 1962).

In this case, Plaintiff takes issue with the New Mexico Human Services Department's determination that he and his wife do not qualify for food stamps because they do not meet the financial guidelines.  Plaintiff argues that because he and his wife are elderly and disabled they qualify for food stamps.  *See*, Compl., pg. 2, *Nature of the Case* ("Even though my wife and I are permanently disabled, and were receiving Social Security, only, and had to file bankruptcy . . . we

---

[1] Although Mr. Elliott seeks relief for his wife, the caption of his Complaint only identifies him as the Plaintiff.  In addition, Mr. Elliott is the only individual who signed the pleadings.  While Mr. Elliott may represent his own interests as a *pro se* litigant, he may not represent the interests of another, not even his spouse.  *Echols v. American Fork Investors*, No. 91-4162, 1992 WL 208153 (10th Cir. Aug. 17, 1992).

still were denied food stamps, as the particular state involved didn't recognize the fact that we qualified under the Federal special rules for the elderly and disabled (household composition."). However, Plaintiff does not challenge the constitutionality of the regulations and procedures applied by the state agency to reach its conclusion.  Plaintiff also has not shown that the regulations and procedures set in place by New Mexico violate the purpose of the Food Stamp Program Act.  In such a case, "federal courts do not have jurisdiction to review administrative decisions of state agencies." *Wilder v. Oklahoma Dep't of Human Services*, 149 F.3d 1192 (10th Cir. 1998)(unpublished opinion)(court had no jurisdiction to review state agency's decision to deny Plaintiff food stamps based on his failure to comply with regulations which mandated able-bodied adults without dependents to comply with work requirements); *see also Gale v. Moore*, 587 F.Supp. 1491, 1494 (W.D. Mo. 1984)(federal court "does not have jurisdiction to review decisions of state administrative agencies to determine if they are based upon correct information"), *aff'd, as modified on other grounds*, 763 F.2d 341 (8th Cir.1985).  Accordingly, the Court lacks jurisdiction to review the New Mexico Human Services Department's determination that Plaintiff and his wife do not qualify for food stamps because they do not meet the financial guidelines.

As to Plaintiffs allegation that the United States Department of Agriculture is illegally "paying out" food stamps to "illegals,"  Federal Defendant asserts undocumented aliens are generally ineligible for food stamps and other government benefits.  *See* 8 U.S.C. § 1611; *see also* 7 C.F.R. § 273.4 ("The State agency must inform the local INS office immediately whenever personnel responsible for the certification or recertification of households determine that any member of a household is ineligible to receive food stamps because the member is present in the

3

U.S. in violation of the INA."). Under the food stamp program certain exceptions apply. *See* e.g. 7 C.F.R. § 273.4(a). Nonetheless, other than his conclusory statement, Plaintiff sets forth no facts to support his allegation.

Federal Defendant further argues that Plaintiff lacks standing to challenge alleged improper payments to undocumented aliens under the food stamp program. Federal Defendant contends Plaintiff's Complaint fails to satisfy the standing requirements imposed by the "case" or "controversy" provision of Article III. In order to establish standing, a plaintiff must demonstrate: "(1) that the plaintiff has suffered an "injury in fact" – an invasion of a judicially cognizable interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) that there be a causal connection between the injury and the conduct complained of – the injury must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (3) that it be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Bennett v. Spear,* 520 U.S. 154, 167 (1997)( citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61(1992)).

As Federal Defendant points out, Plaintiff has not alleged he is being denied food stamps because of the alleged unlawful payment of benefits to undocumented aliens. Plaintiff's Complaint makes clear that the New Mexico Human Services Department denied Plaintiff and his wife food stamps because the department determined they were over the financial guidelines by $17.00. In his Complaint, Plaintiff also alleges:

> The United States Government should be deporting them to their respective countries of origin. This fraud is an (sic) betrayal of the legal residents, citizens of the United States, who have worked hard and paid their taxes (federal, state, and county), for 30, 40, or more years.

Compl. ¶3. Thus, Plaintiff's unsupported claim appears to be a generalized grievance by a taxpayer about alleged improper food stamp payments. Generally, a federal taxpayer who asserts generalized grievances rather than claiming "he has sustained or is in immediate danger of sustaining some direct injury," has no standing to sue. *Commonwealth v. Mellon,* 262 U.S. 447, 488 (1923). Moreover, Plaintiff does not claim that Federal Defendant denied him food stamps. Rather, Plaintiff asserts that the State through the Department of Human Services denied him food stamps. Thus, Plaintiff failed to demonstrate he has suffered a concrete and particularized injury in fact traceable to Federal Defendant's action and thus lacks standing to bring this action against Federal Defendant. Accordingly, the Court will grant Federal Defendant's Motion to Dismiss.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Federal Defendant's Motion to Dismiss is GRANTED.

**IT IS FURTHER ORDERED** that the State of New Mexico and the New Mexico Human Services Department are dismissed with prejudice.

_____
**DON J. SVET
UNITED STATES MAGISTRATE JUDGE**